# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. ANTHONY GOODSHIELD, Defendant. | No. CR06-4080-DEO<br>**DETENTION ORDER** |

This matter came on for detention hearing on October 30, 2006. Assistant U.S. Attorney Forde Fairchild appeared on behalf of the plaintiff (the "Government"). The defendant Anthony Goodshield appeared in person with his attorney Robert Sikma. The Government offered the testimony of Sioux City Police Detective Jay Fleckenstein.

The court must determine whether any condition or combination of conditions will reasonably assure Goodshield's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir. 1992); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

In the present case, Goodshield, a convicted felon, is charged with unlawful possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The evidence indicates Goodshield is twenty-three years old and already has about twenty-two arrests, including two drug charges and two felony convictions. During the incident giving rise to the present charges, Goodshield obtained a firearm and then became involved in a scuffle that resulted in discharge of the firearm. The Government's case is strong. The record also indicates Goodshield has had multiple probation violations on his previous convictions. Viewing the record as a whole, the court finds nothing to indicate Goodshield

would be able to refrain from continuing to engage in criminal activities if he were released.

Accordingly, the court finds the Government has proved by a preponderance of the evidence that Goodshield is a flight risk, and by clear and convincing evidence that Goodshield would be a danger to the community if released. Therefore, the court finds the following:

1. Goodshield is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Goodshield reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Goodshield to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a) Attach a copy of the release/detention order to the appeal;

    (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Goodshield must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 30th day of October, 2006.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT