# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY GOODSHIELD,<br><br>Defendant. | No. CR06-4080-DEO<br><br>**REPORT AND RECOMMENDATION ON PETITION TO REVOKE SUPERVISED RELEASE** |

This case is before me on a second supplemental and substituted petition (Petition) to revoke defendant Anthony Goodshield's supervised release. The Petition (Doc. No. 72) was filed December 23, 2013. The Honorable Donald E. O'Brien referred this matter to me for the issuance of a report and recommended disposition (Doc. No. 82).

I held an evidentiary hearing on February 12, 2014. Plaintiff (the Government) was represented by Assistant United States Attorney Shawn Wehde. United States Probation Officer Ronica Prevail was also present.[1] Goodshield appeared in person and with his attorney, Rees Conrad Douglas. During the hearing, Goodshield admitted (through counsel) all violations alleged in the Petition. As such, neither party presented evidence. However, Goodshield exercised his right to make a statement to me in which he accepted full responsibility for his actions, acknowledged that all of the information in the Petition is true and thanked Officer Lutgen for his efforts to help him.

## I. BACKGROUND

Because Goodshield has admitted all of the allegations set forth in the Petition, I will not provide a detailed analysis of them here. By way of background, on May 31,

---

[1] Goodshield has been supervised by United States Probation Officer Dustin Lutgen. Officer Prevail attended the hearing because Officer Lutgen was not available.

2007, Goodshield was sentenced to 70 months imprisonment and a three-year term of supervised release (TSR) based on his plea of guilty to the offense of felon in possession of a firearm. *See* Doc. Nos. 31, 33. Goodshield commenced his initial TSR on January 6, 2012. However, Judge O'Brien revoked his TSR on May 17, 2012, based on numerous violations of the conditions of Goodshield's TSR. Those violations included failure to comply with drug testing and treatment, use of controlled substances and failure to provide truthful information to United States Probation. *See* Doc. No. 50. Goodshield was sentenced to four months imprisonment and a new, three-year TSR. *Id.*

Goodshield started his new TSR on September 14, 2012. On March 27, 2013, the conditions of his TSR were modified to include two consecutive weekends in jail based on three admitted violations. *See* Doc. No. 72 at 2. Again, those violations included failure to comply with drug testing and treatment, use of controlled substances and failure to provide truthful information to Probation. *Id.* Goodshield served the required weekends in jail.

Unfortunately, more violations soon followed, including additional false statements to Probation, continued instances of failure to comply with drug testing and continued use of controlled substances. *Id.* at 2-4. A new petition to revoke Goodshield's TSR was filed on May 1, 2013. *See* Doc. No. 52. Judge O'Brien conducted a hearing on that petition on May 7, 2013. He ultimately continued the hearing based on information that Goodshield was willing to enter an intensive substance abuse treatment program in Burlington, Iowa. *See* Doc. No. 61.

For various reasons, Goodshield was never admitted to the program in Burlington. Instead, he continued (and, indeed, seems to have intensified) a course of conduct squarely at odds with the conditions of his TSR. The Petition includes a lengthy chronology of various events and violations that occurred after the May 7, 2013, hearing.

2

*See* Doc. No. 72 at 4-8. Of particular note, those included Goodshield's failure to appear at a revocation hearing scheduled for October 9, 2013, and his subsequent arrest on December 1, 2013, after attempting to flee from a traffic stop. Goodshield was in possession of marijuana at the time of his arrest and, on December 10, 2013, plead guilty in the Iowa District Court for Woodbury County to the offenses of (a) possession of controlled substance – marijuana and (b) eluding. He was sentenced to sixty days in jail to be served concurrently with his sentence in this case. *Id.* at 7-8.

## II. ANALYSIS

"A district court may revoke supervised release if it 'finds by a preponderance of the evidence that the defendant violated a condition of supervised release.'" *United States v. Holt*, 664 F.3d 1147, 1149 (8th Cir. 2011) (quoting 18 U.S.C. § 3583(e)(3)). The court's finding that a defendant has violated the conditions of supervised release is reviewed for clear error, while an order of revocation based on such a finding is reviewed for abuse of discretion. *United States v. Carothers*, 337 F.3d 1017, 1019 (8th Cir. 2003).

I find by a preponderance of the evidence, based on his own admission, that Goodshield violated the terms and conditions of his supervised release as alleged in the Petition. Having so found, 18 U.S.C. § 3583(e) requires that I consider certain specified factors set forth in 18 U.S.C. § 3553(a) in making a determination as to whether Goodshield's term of supervised release should be terminated, extended, modified, or revoked. Although I am not required to cite each relevant factor in § 3553(a), *see United States v. Franklin*, 397 F.3d 604, 607 (8th Cir. 2005), those factors are set forth below for the convenience of the district court in reviewing this Report and Recommendation:

> The court, in determining the particular sentence to be imposed, shall consider –

3

(1)   the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)   the need for the sentence imposed –

> (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B)   to afford adequate deterrence to criminal conduct;
>
> (C)   to protect the public from further crimes of the defendant; and
>
> (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

. . . .

(4)   the kinds of sentence and the sentencing range established for –

. . . .

> (B)   in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5)   any pertinent policy statement –

> (A)   issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the

> Sentencing Commission into amendments issued under section 994(p) of title 28); and
>
> (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced[;]
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a) (as referenced in 18 U.S.C. § 3583(e)). After considering these factors, I may recommend the termination, extension, revocation or modification of the term of supervised release as set forth in § 3583(e). Revocation is mandatory in this case pursuant to 18 U.S.C. § 3583(g).

Probation recommends that Goodshield's supervised release be revoked and that he be sentenced to twenty months of incarceration with a one-year term of supervised release to follow (with up to the first 120 days of TSR being served at a residential reentry center). The Government agrees with this recommendation. Goodshield also agrees that a twenty-month term of incarceration is appropriate, but only if no new term of supervised release is imposed upon his release. Goodshield notes that a twenty-month sentence is above the advisory guideline range and argues that imposing that sentence with a new term of supervised release would be excessive.

### A. *Nature and Circumstances of Offense, and Goodshield's History and Characteristics*

Goodshield's original offense was felon in possession of a firearm. He had a Criminal History Category of III at the time of sentencing in 2007. His criminal record prior to 2007 included convictions for aggravated assault, burglary, simple assault, shoplifting, operating while intoxicated and possession of a controlled substance. *See*

Doc. No. 73-1 at 9-13. Goodshield has a significant problem with substance abuse and has repeatedly violated the conditions of TSR by using controlled substances and failing to comply with substance abuse testing requirements. He also has a history of providing false information to Probation. His TSR has already been revoked once, resulting in a sentence of four-months of incarceration. However, it is clear from the Petition that this consequence had no impact on Goodshield's conduct. Given Goodshield's history and characteristics, and particularly his repeated decisions to violate the conditions of his TSR, I find that revocation and a term of incarceration is necessary.

### B.     *Deterrence of Criminal Conduct*

Any modification of supervised release imposed on Goodshield must "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). The violation at issue here constitutes the most serious grade of violation and the guideline range of imprisonment for this violation is five to eleven months. Goodshield's TSR has already been revoked once based on numerous violations and he has now admitted to many new violations, including law violations. I find that incarceration is necessary to deter further criminal conduct by Goodshield.

### C.     *Protection of the Public from Further Crimes*

Any modification of Goodshield's term of supervised release must protect the public from further crimes. 18 U.S.C. § 3553(a)(2)(C). Goodshield admits that he has committed crimes while on supervised release. I find that incarceration is necessary to protect the public from further crimes by Goodshield.

## D. Defendant's Need for Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner

Probation does not recommend educational or vocational training or medical care at this time. There is no basis in the record to suggest that such a need exists.

## E. Sentencing Considerations

I am required to consider pertinent policy statements issued by the United States Sentencing Commission in effect at the time of Goodshield's sentencing. 18 U.S.C. § 3553(a)(5). I find two such policy statements to be relevant to this inquiry. The first, Classification of Violations, U.S.S.G. § 7B1.1 (Policy Statement), sets forth three grades of supervised release violations. Goodshield's violations are Grade C violations, which consist of "conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision." The court looks to the Sentencing Commission's instructions upon a finding of a Grade C violation: "Upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision." U.S.S.G. § 7B1.3(a)(2), Revocation of Probation or Supervised Release (Policy Statement). Based on his Criminal History Category of III, Goodshield's recommended range of imprisonment pursuant to the Sentencing Guidelines is five to eleven months, with a maximum statutory term of imprisonment of two years. *See* U.S.S.G. § 7B1.4 (Policy Statement); 18 U.S.C. § 3583(e)(3). The maximum statutory term of supervised release is thirty-two months.

## F. Sentencing Disparities

The final consideration is whether my recommended disposition will result in "unwarranted sentence disparities among defendants with similar records who have been

found guilty of similar conduct[.]" 18 U.S.C. § 3553(a)(6). The parties offered no evidence on this issue and I have no information to suggest that this is the case.

## G. *Recommendation*

The Eighth Circuit has

> required that courts consider the policy statements in Chapter 7 [of the Sentencing Guidelines] when sentencing a violator of supervised release and [has] concluded that the suggested ranges in U.S.S.G. § 7B1.4(a) are only advisory. There are "no binding guidelines addressing the sentence for a violation of a condition of supervised release, only a policy statement about a court's options in such a situation."

*United States v. White Face*, 383 F.3d 733, 738 (8th Cir. 2004) (citation omitted) (quoting *United States v. Oliver*, 931 F.2d 463, 465 (8th Cir. 1991)). Failure to provide written reasons for sentencing outside the applicable policy statement range for revocation sentences is not reversible error, although written statements of reasons are helpful for the parties, reviewing courts, and the Sentencing Commission. *Id.* at 739; *accord United States v. Jones*, 973 F.2d 605, 607-08 (8th Cir. 1992) ("Because the Chapter 7 policy statements are not binding, the court is not required to make the explicit, detailed findings required when it departs upward from a binding guideline."). "The district court is free to depart from Chapter 7's suggested sentences when, in its considered discretion, such a departure is warranted." *United States v. Carr*, 66 F.3d 981, 983 (8th Cir. 1995) (per curiam); *accord United States v. Jasper*, 338 F.3d 865, 867 (8th Cir. 2003).

I have given careful consideration to the factors set forth in 18 U.S.C. § 3553(a), and hereby recommend that Goodshield's TSR be revoked and that Goodshield be sentenced to twenty months incarceration. I further recommend that upon release, Goodshield serve a new, six-month term of TSR, under such conditions as Judge O'Brien deems appropriate, including an initial period of up to 120 days in a residential reentry

center. In making this recommendation, I find that there must be serious consequences for Goodshield's repeated and serious violations of the conditions of his TSR. I find that an above-guidelines range sentence is appropriate because of the number and nature of those violations. Indeed, Goodshield acknowledged this through counsel.

As for TSR, I understand Goodshield's argument that a new term of supervised release, on top of an above-guidelines sentence, borders on excessive. However, under the circumstances presented, I find that it is not advisable or appropriate for Goodshield to have no additional supervision upon his release from incarceration. My recommended disposition of a six-month period of TSR, which would include up to 120 days at a residential reentry center, will provide a transitional period during which Goodshield will have access to resources that will give him an opportunity to become a productive and law-abiding member of society.

I find that my recommended disposition will further the goals of deterrence and incapacitation, reflects the seriousness of Goodshield's conduct and provides just punishment for such conduct. I find that this recommendation is "sufficient, but not greater than necessary, to comply with" the sentence's purposes as set forth in § 3553(a)(2) and will not result in any sentencing disparities. *See* 18 U.S.C. § 3553(a).

### III. CONCLUSION

Based on the foregoing, I RESPECTFULLY RECOMMEND that the Government's petition to revoke Goodshield's supervised release be **granted** and that Goodshield be sentenced to twenty months incarceration.[2] I further recommend that upon release, Goodshield serve a six-month term of supervised release, under such

---

[2] In making this recommendation, I anticipate and expect that Goodshield will receive credit for time already served since being arrested on the warrant issued in this case.

conditions as Judge O'Brien deems appropriate, with up to the first 120 days of that period being served at a residential reentry center.

Objections must be filed **by February 26, 2014**. Objections must specify the parts of the report and recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Civ. P. 72; Fed. R. Crim. P. 59. Responses to objections must be filed **by March 12, 2014.** However, I urge the parties to file any objections and responses as soon as possible to allow Judge O'Brien to issue a final ruling promptly.

**IT IS SO ORDERED.**

**DATED** this 12th day of February, 2014.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE