**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>      Plaintiff,<br><br>vs.<br><br>**ANTHONY GOODSHIELD,**<br><br>      Defendant. | **No. 06-CR-4080-DEO**<br><br>**ORDER ON REPORT AND RECOMMENDATION** |

Before the Court is s Report and Recommendation ("R&R") issued by Magistrate Judge Leonard T. Strand concerning the USA's Petition to Revoke Supervised Release (Docket No. 72). Docket No. 84. Following the hearing on February 12, 2014, Judge Strand issued the Report and Recommendation. Mr. Goodshield admitted the allegations and no objections have been filed.

**I. BACKGROUND**

Magistrate Strand set out the relevant background in this matter:

> Because Goodshield has admitted all of the allegations set forth in the Petition, I will not provide a detailed analysis of them here. By way of background, on May 31, 2007, Goodshield was sentenced to 70 months imprisonment and a three-year term of supervised release (TSR) based on his plea of guilty to the offense of felon in possession of a firearm. See Doc. Nos.

31, 33. Goodshield commenced his initial TSR on January 6, 2012. However, Judge O'Brien revoked his TSR on May 17, 2012, based on numerous violations of the conditions of Goodshield's TSR. Those violations included failure to comply with drug testing and treatment, use of controlled substances and failure to provide truthful information to United States Probation. See Doc. No. 50. Goodshield was sentenced to four months imprisonment and a new, three-year TSR. Id. Goodshield started his new TSR on September 14, 2012. On March 27, 2013, the conditions of his TSR were modified to include two consecutive weekends in jail based on three admitted violations. See Doc. No. 72 at 2. Again, those violations included failure to comply with drug testing and treatment, use of controlled substances and failure to provide truthful information to Probation. Id. Goodshield served the required weekends in jail.

Unfortunately, more violations soon followed, including additional false statements to Probation, continued instances of failure to comply with drug testing and continued use of controlled substances. Id. at 2-4. A new petition to revoke Goodshield's TSR was filed on May 1, 2013. See Doc. No. 52. Judge O'Brien conducted a hearing on that petition on May 7, 2013. He ultimately continued the hearing based on information that Goodshield was willing to enter an intensive substance abuse treatment program in Burlington, Iowa. See Doc. No. 61. For various reasons, Goodshield was never admitted to the program in Burlington. Instead, he continued (and, indeed, seems to have intensified) a course of conduct

squarely at odds with the conditions of his TSR. The Petition includes a lengthy chronology of various events and violations that occurred after the May 7, 2013, hearing.

Docket No. 84, p. 1-3.

The Magistrate ultimately determined the Government proved Mr. Goodshield violated the terms of his supervised release and stated:

> I find by a preponderance of the evidence, based on his own admission, that Goodshield violated the terms and conditions of his supervised release as alleged in the Petition. Having so found, 18 U.S.C. § 3583(e) requires that I consider certain specified factors set forth in 18 U.S.C. § 3553(a) in making a determination as to whether Goodshield's term of supervised release should be terminated, extended, modified, or revoked... I have given careful consideration to the factors set forth in 18 U.S.C. § 3553(a), and hereby recommend that Goodshield's TSR be revoked and that Goodshield be sentenced to twenty months incarceration. I further recommend that upon release, Goodshield serve a new, six-month term of TSR, under such conditions as Judge O'Brien deems appropriate, including an initial period of up to 120 days in a residential reentry center. In making this recommendation, I find that there must be serious consequences for Goodshield's repeated and serious violations of the conditions of his TSR. I find that an above-guidelines range sentence is appropriate because of the number and nature of those violations.

> Indeed, Goodshield acknowledged this through counsel... I find that my recommended disposition will further the goals of deterrence and incapacitation, reflects the seriousness of Goodshield's conduct and provides just punishment for such conduct. I find that this recommendation is "sufficient, but not greater than necessary, to comply with" the sentence's purposes as set forth in § 3553(a)(2) and will not result in any sentencing disparities. See 18 U.S.C. § 3553(a).

Docket No. 84, p. 3, 8-9.

## II. STANDARD

Pursuant to statue, in reviewing a Report and Recommendation:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1).

Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's Report and Recommendation on dispositive motions and prisoner petitions, where objections are made as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommendation decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).

Additionally, failure to object to the Report and Recommendation waives the right to de novo review by the district court of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein. United States v. Wise, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**III. ANALYSIS**

The Court has considered the Magistrate's Report and Recommendation and agrees that Mr. Goodshield violated the terms of his supervised release as stated by the Magistrate. Having so found, 18 U.S.C. § 3583(e) requires the Court consider certain specified factors set forth in 18 U.S.C. § 3553(a) to determine whether Mr. Goodshield's term of supervised release should be terminated, extended, modified,

or revoked. Magistrate Strand considered those factors, and, as stated above, found that Mr. Goodshield's TSR should be revoked for 20 months. After considering all the statutory factors, the Court is persuaded that the Magistrate's conclusions are appropriate and hereby adopts the Magistrate's Recommendations with one change. The Court is persuaded that instead of 20 months, Mr. Goodshield's TSR should be revoked for a period of 10 months.

**IV. CONCLUSION**

The Magistrate's Report and Recommendation is accepted as modified above. Mr. Goodshield is sentenced to 10 months incarceration. Upon his release, his term of TSR will be reimposed for six months.

**IT IS SO ORDERED** this 17th day of March, 2014.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa