# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY GOODSHIELD,<br><br>Defendant. | No. CR06-4080-DEO<br><br>**REPORT AND RECOMMENDATION ON PETITION TO REVOKE SUPERVISED RELEASE** |

_____

This case is before me on a petition (Doc. No. 88) (the Petition) to revoke defendant Anthony Goodshield's supervised release. The Honorable Donald E. O'Brien has referred the Petition to me for the issuance of a report and recommended disposition. Doc. No. 90. I held an evidentiary hearing on January 15, 2015. Plaintiff (the Government) was represented by Assistant United States Attorney Forde Fairchild. United States Probation Officer Dustin Lutgen was also present. Goodshield appeared in person and with his attorney, Rees Conrad Douglas. During the hearing, Goodshield admitted (through counsel) the violations alleged in the Petition. As such, neither party presented evidence. However, Goodshield exercised his right to make a statement to me in which he apologized for his actions and thanked Officer Lutgen for his efforts to help him.

## I.   BACKGROUND

On May 31, 2007, Goodshield was sentenced to 70 months imprisonment and a three-year term of supervised release (TSR) based on his plea of guilty to the offense of felon in possession of a firearm. *See* Doc. Nos. 31, 33. He is currently serving his third term of supervised release (TSR) in this case. The circumstances that led to the

revocations of his first TSR and second TSR are set forth in various prior filings (*e.g.,* Doc. Nos. 42, 50, 72, 84 and 86) and are incorporated herein by reference.

Judge O'Brien revoked Goodshield's second TSR on March 17, 2014, and sentenced him to ten months imprisonment and a new, six-month term of TSR. Doc. No. 86. Judge O'Brien further ordered that Goodshield reside in a Residential Reentry Center (RRC) for the first 120 days of the new TSR and that he abide by all rules and regulations of the facility during his stay. Doc. No. 87 at 4. Goodshield started his third TSR on December 1, 2014, and was placed at Dismas Charities, an RRC in Sioux City. Doc. No. 88 at 1-2.

Unfortunately, the third TSR quickly proved to be unsuccessful. On December 18, 2014, Goodshield left the RRC on a two-hour pass and did not return. That evening, an RRC employee was able to reach him on his cell phone. *Id.* at 5. Goodshield stated that he was riding with someone he should not have been with, that they had "something" in the car and had been pulled over. *Id.* He further stated that he had to run but assured the employee that he would return to the facility. *Id.* He did not return, causing the RRC to terminate his placement on December 22, 2014. *Id.* at 4.

As of December 23, 2014, Goodshield's whereabouts were still unknown. An arrest warrant was issued on that date, but Goodshield was not located and taken into custody until January 9, 2015. Doc. No. 91. Thus, he was at large and unsupervised for approximately three weeks. Based on this conduct, the Petition alleges two violations of TSR: (1) failure to complete the required 120-day placement at the RRC and (2) failure to notify Probation of a change of address.

## II.   ANALYSIS

"A district court may revoke supervised release if it 'finds by a preponderance of the evidence that the defendant violated a condition of supervised release.'" *United*

*States v. Holt*, 664 F.3d 1147, 1149 (8th Cir. 2011) (quoting 18 U.S.C. § 3583(e)(3)). The court's finding that a defendant has violated the conditions of supervised release is reviewed for clear error, while an order of revocation based on such a finding is reviewed for abuse of discretion. *United States v. Carothers*, 337 F.3d 1017, 1019 (8th Cir. 2003).

I find by a preponderance of the evidence, based on his own admission, that Goodshield violated the terms and conditions of his supervised release as alleged in the Petition. Having so found, 18 U.S.C. § 3583(e) requires that I consider certain factors set forth in 18 U.S.C. § 3553(a) in making a determination as to whether Goodshield's term of supervised release should be terminated, extended, modified, or revoked. Although I am not required to cite each relevant factor in § 3553(a), *see United States v. Franklin*, 397 F.3d 604, 607 (8th Cir. 2005), those factors are set forth below for the convenience of the district court in reviewing this Report and Recommendation:

> The court, in determining the particular sentence to be imposed, shall consider –
>
>> (1)   the nature and circumstances of the offense and the history and characteristics of the defendant;
>>
>> (2)   the need for the sentence imposed –
>>
>>> (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>>
>>> (B)   to afford adequate deterrence to criminal conduct;
>>>
>>> (C)   to protect the public from further crimes of the defendant; and
>>>
>>> (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> . . . .

(4) the kinds of sentence and the sentencing range established for –

. . . .

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement –

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced[;]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a) (as referenced in 18 U.S.C. § 3583(e)). After considering these factors, I may recommend the termination, extension, revocation or modification of the term of supervised release as set forth in § 3583(e). Revocation is not mandatory in this case pursuant to 18 U.S.C. § 3583(g).

Probation recommended that Goodshield's supervised release be revoked and that he be sentenced to the maximum allowable term of incarceration, which is twenty-two months, with no new term of TSR to follow. During the hearing, Goodshield's counsel and counsel for the Government made a joint recommendation of revocation with a fifteen-month term of incarceration and no additional TSR. For the reasons set forth below, I agree with this recommendation.

### A.  *Nature and Circumstances of Offense, and Goodshield's History and Characteristics*

Goodshield's original offense was felon in possession of a firearm. He had a Criminal History Category of III at the time of sentencing in 2007. His criminal record prior to 2007 included convictions for aggravated assault, burglary, simple assault, shoplifting, operating while intoxicated and possession of a controlled substance. *See* Doc. No. 73-1 at 9-13. Goodshield has a history of substance abuse and has repeatedly violated the conditions of TSR by using controlled substances and failing to comply with substance abuse testing requirements. He also has a history of providing false information to Probation. His TSR has already been revoked twice, resulting in sentences of four months and ten months of incarceration. However, it is clear from the Petition that these consequences have not affected Goodshield's conduct. Given Goodshield's history and characteristics, and particularly his repeated decisions to violate the conditions of his TSR, I find that revocation and a term of incarceration is necessary.

### B.  *Deterrence of Criminal Conduct*

Any modification of supervised release imposed on Goodshield must "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). Goodshield's TSR has already been revoked twice based on numerous violations, including criminal activity. This time, he lasted just 18 days at the RRC before violating the conditions of

his TSR by fleeing and failing to advise his probation officer of his whereabouts. I find that incarceration is necessary to deter further criminal conduct by Goodshield.

## C. *Protection of the Public from Further Crimes*

Any modification of Goodshield's term of supervised release must protect the public from further crimes. 18 U.S.C. § 3553(a)(2)(C). Goodshield admitted that he committed crimes while on his second TSR. Doc. No. 84 at 1-3. Further, after fleeing from the RRC this time, he told an RRC employee that he was with someone he should not have been with and that they had "something" (presumably something illegal) in the car and had to run because they were being pulled over. I find that incarceration is necessary to protect the public from further crimes by Goodshield.

## D. *Defendant's Need for Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner*

Probation does not recommend educational or vocational training or medical care at this time. There is no basis in the record to suggest that such a need exists.

## E. *Sentencing Considerations*

I am required to consider pertinent policy statements issued by the United States Sentencing Commission in effect at the time of Goodshield's sentencing. 18 U.S.C. § 3553(a)(5). I find two such policy statements to be relevant to this inquiry. The first, Classification of Violations, U.S.S.G. § 7B1.1 (Policy Statement), sets forth three grades of supervised release violations. Goodshield's violations are Grade C violations, which consist of "conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision." The court looks to the Sentencing Commission's instructions upon a finding of a Grade C violation: "Upon a finding of a Grade C violation, the court may

(A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision." U.S.S.G. § 7B1.3(a)(2), Revocation of Probation or Supervised Release (Policy Statement). Based on his Criminal History Category of III, Goodshield's recommended range of imprisonment pursuant to the Sentencing Guidelines is five to eleven months, with a maximum statutory term of imprisonment of two years. *See* U.S.S.G. § 7B1.4 (Policy Statement); 18 U.S.C. § 3583(e)(3). The maximum statutory term of supervised release is twenty-two months.

### F.     *Sentencing Disparities*

The final consideration is whether my recommended disposition will result in "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]" 18 U.S.C. § 3553(a)(6). The parties offered no evidence on this issue and I have no information to suggest that this is the case.

### G.     *Recommendation*

The Eighth Circuit has

> required that courts consider the policy statements in Chapter 7 [of the Sentencing Guidelines] when sentencing a violator of supervised release and [has] concluded that the suggested ranges in U.S.S.G. § 7B1.4(a) are only advisory. There are "no binding guidelines addressing the sentence for a violation of a condition of supervised release, only a policy statement about a court's options in such a situation."

*United States v. White Face*, 383 F.3d 733, 738 (8th Cir. 2004) (citation omitted) (quoting *United States v. Oliver*, 931 F.2d 463, 465 (8th Cir. 1991)). Failure to provide written reasons for sentencing outside the applicable policy statement range for revocation sentences is not reversible error, although written statements of reasons are helpful for the parties, reviewing courts, and the Sentencing Commission. *Id.* at 739; *accord*

*United States v. Jones*, 973 F.2d 605, 607-08 (8th Cir. 1992) ("Because the Chapter 7 policy statements are not binding, the court is not required to make the explicit, detailed findings required when it departs upward from a binding guideline."). "The district court is free to depart from Chapter 7's suggested sentences when, in its considered discretion, such a departure is warranted." *United States v. Carr*, 66 F.3d 981, 983 (8th Cir. 1995) (per curiam); *accord United States v. Jasper*, 338 F.3d 865, 867 (8th Cir. 2003).

I have given careful consideration to the factors set forth in 18 U.S.C. § 3553(a), and hereby recommend that Goodshield's TSR be revoked and that he be sentenced to fifteen months incarceration. While this sentence is above the applicable policy statement range, I find it to be appropriate because (a) this is Goodshield's third revocation, (b) prior revocation sentences of four months and ten months were ineffective and (c) Goodshield's current violations occurred soon after he commenced his third TSR. As noted above, Goodshield and the Government agree that this sentence is appropriate.

I further recommend that no new term of supervised release be imposed. In most cases, TSR is appropriate to allow a period of transition during which United States Probation may supervise the defendant and offer various services. Here, however, I agree with the parties (and with Probation) that no purpose would be served by yet another TSR. This is Goodshield's third revocation. He has already been provided with all of the resources Probation has to offer, to no avail. Another term of TSR would likely lead to more violations and yet another revocation.

I find that the disposition recommended herein will further the goals of deterrence and incapacitation, reflects the seriousness of Goodshield's conduct and provides just punishment for such conduct. I further find that this recommendation is "sufficient, but not greater than necessary, to comply with" the sentence's purposes as set forth in § 3553(a)(2) and will not result in any sentencing disparities. *See* 18 U.S.C. § 3553(a).

### III. *CONCLUSION AND RECOMMENDATION*

Based on the foregoing, I RESPECTFULLY RECOMMEND that the Government's petition (Doc. No. 88) to revoke Goodshield's supervised release be **granted** and that Goodshield be sentenced to fifteen months incarceration with no additional term of supervised release to follow.

Objections must be filed **by January 30, 2015**. Objections must specify the parts of the report and recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Civ. P. 72; Fed. R. Crim. P. 59. Responses to objections must be filed **by February 13, 2015.** However, I urge the parties to file any objections and responses as soon as possible to allow Judge O'Brien to issue a final ruling promptly.

**IT IS SO ORDERED.**

**DATED** this 16th day of January, 2015.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE