**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, vs. **ANTHONY GOODSHIELD,** Defendant. | **No. 06-CR-4080-DEO** **ORDER ON REPORT AND RECOMMENDATION** |

Before the Court is a Report and Recommendation ("R&R"), issued by Magistrate Judge Leonard T. Strand, concerning the USA's Petition to Revoke Supervised Release (Docket No. 88). Docket No. 97. Following the hearing on January 15, 2015, Judge Strand issued the Report and Recommendation. Mr. Goodshield admitted the allegations, and no objections have been filed.

## I.  BACKGROUND

In a previous Order, Magistrate Strand set out the relevant background in this matter:

> [b]y way of background, on May 31, 2007, Goodshield was sentenced to 70 months imprisonment and a three-year term of supervised release (TSR) based on his plea of guilty to the offense of felon in possession of a firearm. See Doc. Nos. 31, 33. Goodshield commenced his initial TSR on January 6, 2012. However, Judge O'Brien revoked his TSR on May 17, 2012,

based on numerous violations of the conditions of Goodshield's TSR. Those violations included failure to comply with drug testing and treatment, use of controlled substances and failure to provide truthful information to United States Probation. See Doc. No. 50. Goodshield was sentenced to four months imprisonment and a new, three-year TSR. Id. Goodshield started his new TSR on September 14, 2012. On March 27, 2013, the conditions of his TSR were modified to include two consecutive weekends in jail based on three admitted violations. See Doc. No. 72 at 2. Again, those violations included failure to comply with drug testing and treatment, use of controlled substances and failure to provide truthful information to Probation. Id. Goodshield served the required weekends in jail.

Unfortunately, more violations soon followed, including additional false statements to Probation, continued instances of failure to comply with drug testing and continued use of controlled substances. Id. at 2-4. A new petition to revoke Goodshield's TSR was filed on May 1, 2013. See Doc. No. 52. Judge O'Brien conducted a hearing on that petition on May 7, 2013. He ultimately continued the hearing based on information that Goodshield was willing to enter an intensive substance abuse treatment program in Burlington, Iowa. See Doc. No. 61. For various reasons, Goodshield was never admitted to the program in Burlington. Instead, he continued (and, indeed, seems to have intensified) a course of conduct squarely at odds with the conditions of his TSR.

Docket No. 84, p. 1-3.

This Court set a second hearing on the Petition to Revoke for October 9, 2013. Mr. Goodshield failed to appear at that hearing, and this Court issued a bench warrant. Mr. Goodshield was subsequently taken into custody. On February 12, 2014, Magistrate Strand held a hearing on the violations. Docket No. 79. Following that hearing, he entered a Report and Recommendation, Docket No. 84, which this Court accepted with one modification.[1] Docket No. 86. Pursuant to that Report and Recommendation, this Court:

> sentenced [Mr. Goodshield] to ten months imprisonment and a new, six-month term of TSR. Doc. No. 86. Judge O'Brien further ordered that Goodshield reside in a Residential Reentry Center (RRC) for the first 120 days of the new TSR and that he abide by all rules and regulations of the facility during his stay. Doc. No. 87 at 4. Goodshield started his third TSR on December 1, 2014, and was placed at Dismas Charities, an RRC in Sioux City. Doc. No. 88 at 1-2.

Docket No. 97, p. 2.

---

[1] Magistrate Strand recommended 20 months of incarceration, and but this Court modified the sentence to 10 months.

3

After serving that sentence, Mr. Goodshield resumed TSR on December 1, 2014. As set out by Judge Strand:

> [u]nfortunately, the third TSR quickly proved to be unsuccessful. On December 18, 2014, Goodshield left the RRC on a two-hour pass and did not return. That evening, an RRC employee was able to reach him on his cell phone. Id. at 5. Goodshield stated that he was riding with someone he should not have been with, that they had "something" in the car and had been pulled over. Id. He further stated that he had to run but assured the employee that he would return to the facility. Id. He did not return, causing the RRC to terminate his placement on December 22, 2014. Id. at 4. As of December 23, 2014, Goodshield's whereabouts were still unknown. An arrest warrant was issued on that date, but Goodshield was not located and taken into custody until January 9, 2015. Doc. No. 91. Thus, he was at large and unsupervised for approximately three weeks. Based on this conduct, the Petition alleges two violations of TSR: (1) failure to complete the required 120-day placement at the RRC and (2) failure to notify Probation of a change of address.

Docket No. 97, p. 2.

Judge Strand held a hearing on the Petition to Revoke on January 15, 2015. Judge Strand issued his current Report and Recommendation the next day:

> I find by a preponderance of the evidence, based on his own admission, that Goodshield violated the terms and conditions of his

4

supervised release as alleged in the Petition... Probation recommended that Goodshield's supervised release be revoked and that he be sentenced to the maximum allowable term of incarceration, which is twenty-two months, with no new term of TSR to follow. During the hearing, Goodshield's counsel and counsel for the Government made a joint recommendation of revocation with a fifteen-month term of incarceration and no additional TSR. For the reasons set forth below, I agree with this recommendation...

I have given careful consideration to the factors set forth in 18 U.S.C. § 3553(a), and hereby recommend that Goodshield's TSR be revoked and that he be sentenced to fifteen months incarceration. While this sentence is above the applicable policy statement range, I find it to be appropriate because (a) this is Goodshield's third revocation, (b) prior revocation sentences of four months and ten months were ineffective and (c) Goodshield's current violations occurred soon after he commenced his third TSR. As noted above, Goodshield and the Government agree that this sentence is appropriate. I further recommend that no new term of supervised release be imposed. In most cases, TSR is appropriate to allow a period of transition during which United States Probation may supervise the defendant and offer various services. Here, however, I agree with the parties (and with Probation) that no purpose would be served by yet another TSR. This is Goodshield's third revocation. He has already been provided with all of the resources Probation has to offer, to no avail. Another term of TSR would likely lead to more violations and

> yet another revocation. I find that the disposition recommended herein will further the goals of deterrence and incapacitation, reflects the seriousness of Goodshield's conduct and provides just punishment for such conduct. I further find that this recommendation is "sufficient, but not greater than necessary, to comply with" the sentence's purposes as set forth in § 3553(a)(2) and will not result in any sentencing disparities. See 18 U.S.C. § 3553(a).

Docket No. 97, p. 3, 5, 8

## II. STANDARD

Pursuant to statue, in reviewing a Report and Recommendation:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1).

Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's Report and Recommendation on dispositive motions and prisoner petitions, where objections are made as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommendation decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).

Additionally, failure to object to the Report and Recommendation waives the right to de novo review by the district court of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein. United States v. Wise, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

### III. ANALYSIS

The Court has considered the Magistrate's Report and Recommendation and agrees that Mr. Goodshield violated the terms of his supervised release as stated by the Magistrate. Having so found, 18 U.S.C. § 3583(e) requires the Court consider certain specified factors set forth in 18 U.S.C. § 3553(a) to determine whether Mr. Goodshield's term of supervised release should be terminated, extended, modified,

or revoked. Magistrate Strand considered those factors, and, as stated above, found that Mr. Goodshield's TSR should be revoked for 15 months with no TSR to follow. After considering all the statutory factors, the Court is persuaded that the Magistrate's conclusions are appropriate and hereby adopts the Magistrate's Recommendations.

**IV. CONCLUSION**

The Magistrate's Report and Recommendation is accepted. Mr. Goodshield is sentenced to 15 months incarceration with no further supervised release to follow.

**IT IS SO ORDERED** this 10th day of March, 2015.

*Donald E. O'Brien*
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa